# IN THE ASSOCIATE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
## STATE OF MISSOURI

KAMRAN KHAN, )
                         )
        Plaintiff,           )     Cause No.:
                         )
vs.                         )     Division:
                         )
                         )
ALLIANCE CAS, LLC, )
                         )
    Serve: Corporation Service Company   )
          1201 Hays Street                   )
          Tallahassee, FL 32301-2535        )
                         )
       Defendant.         )

## PETITION

COMES NOW Plaintiff Kamran Khan ("Plaintiff"), by through counsel, and for Plaintiff's Petition against Defendant Alliance CAS LLC ("Defendant") states to the Court as follows:

### ALLEGATIONS COMMON TO ALL COUNTS

1. At all times relevant herein, Plaintiff's principal place of residence is in the County of St. Louis, Missouri.

2. At all times relevant herein, Defendant is a foreign limited liability company whose principal place of residence is in Florida who acted as a debt collector subject to the Fair Debt Collection Practices Act, 15 USC §§1692 *et seq.* (the "Act") attempting to collect from Plaintiff a purported debt to the Johns Landing Homeowners Association, Inc. (the "Debt").

3. This Court has jurisdiction over the out of state Defendant as Defendant uses interstate commerce when acting as a debt collector to collect a debt in accordance with 15 USC §1692(d) as well as under 15 USC §1692k(d) which allows an action to enforce any liability created by the Act to be brought in any appropriate court of competent jurisdiction, and

Defendant transacts business in Missouri by and through its communications with Plaintiff in Missouri to collect the Debt, resulting in minimum contacts within Missouri which under such circumstances makes it fair and reasonable to require Defendant to come before this Court to defend this action.

4. Jurisdiction and venue are further proper before this Court in accordance with RSMo §508.010.2(4) as Defendant is a nonresident of Missouri and the transactions, occurrences and conduct of Defendant as averred in this Petition took place within the County of St. Louis, Missouri.

5. At all times relevant herein, Plaintiff is the owner of certain investment real property that is part of the Johns Landing Homeowners Association, Inc. ("HOA") known and numbered as 418 Largovista Drive, Oakland, Florida, 34787 (the "Property").

6. As the owner of the Property that is part of the HOA, Plaintiff is a member of the HOA subject to the Bylaws of Johns Landing Homeowners Association, Inc. ("Bylaws") and the Declaration of Covenants, Conditions, Easements & Restrictions for Johns Landing ("Covenants").

7. In accordance with Article X Section 1 of the Bylaws it states in pertinent part as follows:

> "each member of the HOA is obligated to pay to [HOA] annual and special assessments … [a]ny assessments which are not paid when due shall be delinquent … [i]f not paid within thirty (30) days after the due date, the assessment shall bear interest from the date of delinquency at the highest rate allowed by law, and [HOA] may begin an action at law … to pay the same … [i]nterest, costs and reasonable attorney's fees of any such action shall be added to the amount of the assessment."

8. In accordance with Article XI Section 1 of the Covenants it states in pertinent part as follows:

> "Any Assessment ... which is not paid on its due date shall be deemed to be delinquent on that date ... the [HOA] shall provide written notice of such delinquency to the Owner of the Lot ... [i]f the delinquent Assessment is not paid within ten (10) days following the delivery of such notice of delinquency, [HOA], in its discretion, shall be entitled to immediately impose a reasonable late charge associated with the administration of such delinquent Assessment."

9. In accordance with Article XI Section 2 of the Covenants it states in pertinent part as follows:

> "[HOA] shall ... be entitled to cause a Claim of Lien for such delinquent Assessments ... [a]ny Claim of Lien shall, among other things, state and identify ... the amount of the lien claimed, including the amount of interest accrued and the rate of accrual, late charges, and the costs and expenses associated with collection ... of such Claim of Lien."

10. At all times relevant herein, the HOA imposes an annual assessment of $800.00 per year, paid bi-annually with $400.00 due on the 1st day of January and $400.00 due on the 1st day of July of each calendar year.

11. As of December 31, 2015, Plaintiff was current on all assessments to the HOA and no monies were owned for any assessments.

12. Plaintiff failed to timely pay the annual assessment due on January 1, 2016 and on July 1, 2016.

13. On or about July 28, 2016, HOA filed a Claim of Lien for general and/or special assessments through July 27, 2016 for $800.00 which states as follows:

> "This claim of lien secures all unpaid assessments that are due and that may accrue after the claim of lien is recorded and through the entry of a final judgment, as well as interest and all reasonable costs and attorney's fees incurred by [HOA] incident to the collection process. Upon payment in full, the person making the payment is entitled to a satisfaction of the lien." ("Lien 1")

14. Plaintiff satisfied Lien 1 and HOA filed a satisfaction of Lien 1.

15. Plaintiff failed to timely pay the annual assessment due on January 1, 2017 and on July 1, 2017.

16. On or about August 28, 2017, HOA filed a Claim of Lien for general and/or special assessments through July 27, 2016 for $1,200.00 which states as follows:

> "This claim of lien secures all unpaid assessments that are due and that may accrue after the claim of lien is recorded and through the entry of a final judgment, as well as interest and all reasonable costs and attorney's fees incurred by [HOA] incident to the collection process. Upon payment in full, the person making the payment is entitled to a satisfaction of the lien." ("Lien 2")

17. Plaintiff satisfied Lien 2 and HOA filed a satisfaction of Lien 2.

18. On February 20, 2020 Defendant advised Plaintiff that it had received payments toward the Debt of $3,587.65, and on or about July 22, 2020, Plaintiff paid to HOA an additional sum of $842.00.

19. Other than the Lien 1 and Lien 2, HOA never delivered to Plaintiff any other written notice of delinquency in accordance with Article XI sections 1 and 2 of the Covenants.

20. Under the Bylaws and Covenants, HOA is entitled to assessments which may include the following:[1]

   i)   an amount stated and identified in a Claim of Lien;

   ii)  interest on an unpaid assessment at a rate of 18% per annum;

   iii) a reasonable late charge if a delinquent assessment is not paid within 10 days following a written notice of delinquency;

   iv)  costs and expenses of collection as identified in a Claim of Lien.

21. Given payments related to the Debt as of February 20, 2020 totaled $3,587.65, and the additional payment of $842.00 in July 2020, the total payments acknowledged by Defendant regarding the Debt as of July 28, 2020 was $4,429.65

---

[1] Under Article X, Section 19 a special assessment does not include any item of the Debt. Plaintiff is not aware of any special assessment and believes the HOA never imposed a special assessment between January 1, 2016 to the present.

22. Under the Bylaws and Covenants, Plaintiff is/was obligated to make 11 payments of $400.00 each for annual assessments from January 1, 2016 through January 1, 2021 for a total of $4,400.00.

23. At all times relevant herein, Plaintiff is a consumer as the term is used under the Act.

24. At all times relevant herein, the past due assessments owed to the HOA are a debt as the term is used under the Act.

25. At all times relevant herein, Defendant is a debt collector as the term is used under the Act.

26. On information and belief, HOA retained Defendant to act as a debt collector to collect the Debt from Plaintiff.

27. At all times relevant herein, Plaintiff notified Defendant that Plaintiff disputed the purported Debt.

28. On or about February 13, 2020, despite Plaintiff's repeated dispute of the Debt, Defendant claimed the purported Debt was $10,356.13.

29. On or about July 20, 2020, despite Plaintiff's repeated dispute of the Debt, Defendant claimed the purported Debt was $4,972.20.

30. On or about July 31, 2020, despite Plaintiff's repeated dispute of the Debt and payment of $832.00, Defendant claimed the purported Debt was $5,738.56.

31. On or about October 7, 2020, despite Plaintiff's repeated dispute of the Debt, Defendant claimed the purported Debt was $3,890.74.

32. On or about January 29, 2021, despite Plaintiff's repeated dispute of the Debt, Defendant claimed the purported Debt was $3,230.46.

33. On or about February 1, 2012, HOA filed a Claim of Lien for general and/or special assessments through January 29, 2021 for $3,230.46 with no breakdown as required by the Covenants as well as by Florida law [Chap. 720, Title XL, §720.3085] ("Lien 3").

34. On or about February 26, 2021, despite Plaintiff's repeated dispute of the Debt and the amount stated in Lien 3, Defendant claimed the purported Debt was $5,490.24.

35. Despite Defendant's fluctuating and unexplainable demands regarding the amount of the purported Debt, Lien 3 claiming the amount owned for general and/or special assessments through January 29, 2021 was $3,230.46, Plaintiff's repeated dispute of the Debt, and the terms and conditions of the Bylaws and Covenants as to assessments, liens and delinquencies, Defendant failed to verify the Debt, provide improper contents in a written demand, used false or deceptive acts to collect the Debt, and demanded payment of unauthorized amounts.

36. Defendant is aware that Plaintiff was selling the Property on March 9, 2021 and that the title company will hold funds belonging to Plaintiff from the proceeds of such sale in escrow until, in the title company's discretion, Plaintiff has satisfied Lien 3 and/or the Debt.

## COUNT I – VIOLATION OF THE ACT

COMES NOW Plaintiff, by and through counsel, and for Count I of Plaintiff's cause of action for violation of the Act states to the Court as follows:

37. Plaintiff restates and incorporates by reference the averments of paragraphs 1 - 36 as if fully set out herein.

38. Defendant's acts and conduct as stated herein are violations of the Act including, but not limited to, the following:

   i) 15 USC §1692g by improper contents in a written demand;

   ii) 15 USC §1692g by failing to verify the Debt;

      iii)    15 USC §1692e by the use of false or deceptive acts;

      iv)    15 USC §1692f by collection of unauthorized amounts.

39.    As a direct and proximate result of Defendant's acts and conduct Plaintiff has been damaged in such sums as Plaintiff can prove at trial pursuant to 15 USC §1692k.

WHEREFORE, based on the foregoing, Plaintiff prays for judgment against Defendant on Count I in such sums as Plaintiff can prove at trial under $25,000.00 in accordance with 15 USC §1692k, plus attorney's fees, costs of this action, for prejudgment interest as allowed by law, for post judgment interest as allowed by law, and for such other and further relief as the Court deems just and proper.

## COUNT II – DECLARATORY JUDGMENT

COMES NOW Plaintiff, by and through counsel, and for Count II of Plaintiff's cause of action for declaratory judgment states to the Court as follows:

40.    Plaintiff restates and incorporates by reference the averments of paragraphs 1 - 36 as if fully set out herein.

41.    Plaintiff's rights and interests in the funds due Plaintiff from the proceeds of the sale of the Property being held by the title company in escrow until Lien 3 and/or the Debt is satisfied is a legally and equitably protectable interest.

42.    This Count II is brought pursuant to RSMo Chap. §§527.010 *et seq*. and Rule 87 of the Missouri Rules of Civil Procedure which allows a Court to determine and/or declare the rights, status, and other legal relations between the parties with respect to the amount needed to satisfy Lien 3 and/or the Debt from the funds due Plaintiff from the proceeds of the sale of the Property being held in escrow by the title company.

43. A controversy exists concerning the amount, if any, needed to satisfy Lien 3 and/or the Debt, including whether Plaintiff owes any sum concerning Lien 3 and/or the Debt.

44. Defendant believes the Debt is $5,490.24 while the HOA claims Lien 3 is $3,230.46.

45. Plaintiff believes the Debt has been fully satisfied and cannot be a lien against the Property, alternatively, Plaintiff cannot satisfy Lien 3 and/or the Debt because the parties disagree on the sum necessary to satisfy Lien 3 and/or the Debt.

46. A controversy exists between the parties concerning the amount needed, if any, from the proceeds of the sale of the Property to satisfy Lien 3 and/or the Debt which includes, but is not limited to, a determination of the following issues:

    a) whether Lien 3 and/or the Debt is a valid obligation;

    b) whether Lien 3 and/or the Debt is a lien against the Property;

    c) what amount, if any, is needed to satisfy Lien 3 and/or the Debt; and/or

    d) the amount owed that is expressly authorized by the Bylaws and the Covenants needed to satisfy Lien 3 and/or the Debt.

47. The adverse claims concerning the validity of and sum needed to satisfy Lien 3 and/or the Debt demonstrate the existence of a justiciable controversy.

48. The controversy stated herein is appropriate and ripe for judicial resolution.

49. A declaration of this Court is necessary to determine and/or declare the rights, status and other legal relations between the parties concerning Lien 3 and/or the Debt.

50. Plaintiff has no adequate remedy at law to determine the validity of and/or sum needed to satisfy Lien 3 and/or the Debt.

Electronically Filed - St Louis County - March 11, 2021 - 05:37 PM

Electronically Filed - St Louis County - March 11, 2021 - 05:37 PM

WHEREFORE, Plaintiff prays the Court enter an order and judgment on Count II determining and/or declaring the rights, status and other legal relations of the parties concerning Lien 3 and/or the Debt, including, but not limited to, a finding that Lien 3 and/or the Debt is invalid, a finding that Lien 3 and/or the Debt is not a lien against the Property, a finding as to the sum needed to satisfy Lien 3 and/or the Debt, a finding as to the amount owed under the express terms of the Bylaws and Covenants, for prejudgment interest as allowed by law, for post judgment interest as allowed by law, for all attorney's fees, expenses and costs incurred herein, and for such other and further relief as the Court deems just and proper.

                                                         **SPOONER LAW, LLC**

By       /s/Jack B. Spooner
Jack B. Spooner   #38382
34 N. Brentwood Blvd., Suite 210
Saint Louis, Missouri 63105
Telephone: (314) 725-4300
Facsimile: (314) 725-4301
Email: jbs@spoonerlawllc.com
***Attorneys for Plaintiff***